# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| JASON WILLIAMS, ) | |
|           Petitioner, ) | |
| ) | No. 07 C 0056 |
| v. ) | |
| ) | JUDGE DAVID H. COAR |
| ) | |
| DONALD HULICK, Warden, ) | |
|           Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jason Williams's ("Petitioner") motion to vacate his sentence pursuant to 28 U.S.C. § 2254 is before this Court. For the following reasons, the motion is DENIED.

## FACTS[1]

Petitioner was convicted of aggravated criminal sexual assault and aggravated kidnapping on December 1, 1992. He was sentenced on January 21, 1993 to consecutive terms of twenty-two and eight years. Michael Cole represented Petitioner during his trial and sentencing.

At trial, the victim testified that, on the morning of July 8, 1991, Petitioner approached her as she was walking to work. He placed a gun at her side and forced her to walk to a section of railroad tracks where he twice forced her to have sexual intercourse. Petitioner and the victim then walked to the victim's workplace, where the victim told her co-workers she had been raped.

---

[1] Under 28 U.S.C. § 2254(e)(1), state courts' findings of fact are presumptively correct in any federal habeas proceeding. *Summer v. Mata*, 449 U.S. 539, 547 (1981). Petitioner does not challenge the state courts' facts statements. Therefore, this opinion summarizes the recitation of facts in the Illinois Appellate Court's September 6, 2005 order in Case No. 1-03-2425, affirming denial of Petitioner's petition for post-conviction relief.

Her supervisor, Kathy Voltz, called the police, and Petitioner was soon arrested. The victim testified that she had never met Petitioner before and did not know anyone named James Heath.

Petitioner claimed that Heath was the victim's boyfriend and that the two had attempted to frame Petitioner for rape. Petitioner testified that he had two altercations with Heath as a result of a gang's attempts to recruit him. During the second, which occurred sometime in 1990, Heath and others beat Petitioner. Petitioner filed a complaint against Heath but could not appear in court to testify against Heath because he had been arrested for raping the victim.

At trial, Petitioner further testified that he had met the victim on a bus in late June of 1991 and asked her for her phone number. She told him he could meet her at her job in Archer Park, and he visited her twice. Petitioner denied kidnapping and sexually assaulting the victim and stated that it was the victim's idea to go to the railroad tracks.

During the trial, Petitioner's mother, Thelma Howell, came into the courtroom in violation of an order excluding all witnesses. The trial court allowed the trial to continue, but when Howell again violated the order, she was precluded from testifying on Petitioner's behalf.

Petitioner appealed his conviction to the Illinois Appellate Court, First District. On appeal, he was represented by Greg Koster of the Cook County Public Defender's Office. Koster filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Petitioner's *pro se* response to the motion claimed that: 1) he was not proven guilty beyond a reasonable doubt; 2) his trial counsel was ineffective for failing to interview and call James Heath as a witness, among other strategic decisions; 3) the prosecutor made improper arguments that denied him a fair trial; and 4) his sentence was excessive. The state appellate court granted the appellate counsel's motion to withdraw and affirmed the convictions and sentences on March 17, 1995.

Petitioner then submitted a petition for leave to appeal ("PLA") to the Illinois Supreme Court, making the following claims: 1) his trial counsel was ineffective for failing to interview and call several witnesses, object to improper comments made by the prosecutor, and present mitigating evidence at sentencing; 2) he was not guilty beyond a reasonable doubt; 3) the prosecutor made improper remarks during the trial; and 4) his sentences were excessive. The PLA was denied on October 4, 1995.

Petitioner filed a petition for post-conviction relief in the Circuit Court of Cook County on December 1, 1995. He argued that his trial counsel was ineffective for failing to 1) present witnesses and documents to establish that Petitioner had been attacked by James Heath; 2) interview or call passersby who witnessed the incident and could have testified that the sex was consensual; 3) have Petitioner's mother testify that she spoke with someone who told her the victim and Heath "set up" Petitioner; and 4) interview or call a witness to testify that Heath was the victim's boyfriend and that the two conspired to frame Petitioner. Petitioner's appointed counsel added claims that 1) Petitioner's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); 2) Petitioner's trial counsel was ineffective for failing to investigate witnesses and making cumulative errors; and 3) Petitioner's appellate counsel was ineffective for failing to argue that the trial counsel was ineffective for failing to investigate and call witnesses. On May 23, 2002, Petitioner filed another petition alleging that new evidence presented by Clifton Williams, whom Petitioner met in prison, established that the victim and Heath knew each other and had conspired against Petitioner to keep him from testifying against Heath.

On May 28, 2003, Clifton Williams, Howell, and Petitioner's friend Meartice Guyton testified at an evidentiary hearing regarding the post-conviction petition and petition for post-judgment relief. Clifton Williams testified that he saw the victim and Heath together and

3

overheard Heath instruct the victim to have sex with Petitioner. The court sustained the State's objection that this testimony was hearsay. Clifton Williams acknowledged that, although he had written two previous affidavits and a declaration regarding Petitioner's case in May 2002, he first mentioned overhearing the conversation in a third affidavit dated October 11, 2002. Guyton testified that he had seen the victim with James Heath over twenty times and that he saw the victim with Petitioner multiple times during June and July 1991. He had difficulty, however, identifying the victim from pictures. Howell testified that Heath had threatened and injured Petitioner in 1990 and 1991, that she and Petitioner had filed complaints against Heath on two occasions, and that Petitioner had told her he was dating a girl with the victim's first name. At the close of the evidentiary hearing, defense counsel submitted a copy of a petition to impose discipline on Michael Cole, Petitioner's trial attorney, by the Attorney Registration and Disciplinary Commission. Cole was under investigation at the time of Petitioner's trial and was later suspended from practicing law, but Petitioner's case was not listed as one Cole had neglected.

The post-conviction petitions were denied on July 28, 2003. The court held that the testimony given during the evidentiary hearing would not have changed the trial's outcome, noting that the credibility of Clifton Williams and Guyton was tarnished by their criminal histories and that the admissibility of Clifton Williams's evidence was questionable because it was hearsay. The court also noted that Petitioner lied to the police about his name and residence, and had given "four different stories as to what happened" on the date of the rape: that he had never seen the victim, that he knew her but they had never had sex, that he had initiated the sex, and that the sex was the victim's idea.

Petitioner appealed this ruling, arguing 1) ineffective assistance of trial counsel for failing to present Howell and Guyton as witnesses and 2) Clifton Williams' testimony constituted newly discovered evidence demonstrating Petitioner's innocence. On appeal, Petitioner was represented by Jennie Pinnous and Tomas Gonzalez from the Appellate Defender's Office. Petitioner also submitted a *pro se* "supplemental brief" arguing that the State intimidated a potential defense witness, Anthony Cooper. The state appellate court declined to accept this brief on the ground that a criminal defendant has no right to both self-representation and the assistance of counsel. The court did not address the claim raised in the brief. On September 6, 2005, the appellate court affirmed the lower court's ruling on the post-conviction petition.

Petitioner filed a PLA with the Illinois Supreme Court, arguing 1) ineffective assistance of trial counsel for failing to present witnesses; 2) ineffective assistance of trial and appellate counsel for failing to argue that the government had threatened defense witnesses; and 3) denial of a fair trial because the government had threatened a potential defense witness. The PLA was denied on March 29, 2006.

Petitioner filed the instant federal habeas petition on January 21, 2004, claiming:

I. Ineffective assistance of trial counsel for failing to:
   a. interview or present Meartice Guyton as a witness
   b. advise Thelma Howell that she could not be in the courtroom
   c. interview or present Anthony Cooper as a witness, and
   d. interview or present James Heath as a witness.

II. The prosecutor lied and threatened potential defense witness Anthony Cooper.

III. Ineffective assistance of appellate counsel for failing to raise I and II on direct appeal.

IV. Actual innocence evidenced by the testimony of Clifton Williams.

5

V. The post-conviction appellate court wrongly found that Petitioner's actual innocence claim was raised via a Petition for Relief from Judgment.

VI. Given the testimony of Guyton, Howell, and Clifton Williams, Petitioner is not guilty beyond a reasonable doubt.

**I. STANDARD**

28 U.S.C. § 2254 empowers federal district courts to hear petitions for a writ of habeas corpus on behalf of a person in state custody on the ground that the imprisonment is in violation of the Constitution, treaties, or laws of the United States. 28 U.S.C. § 2254(a) (1996); *see Wainwright v. Sykes*, 433 U.S. 72, 77 (1977). A federal court may only consider the merits of a writ of habeas corpus after the petitioner has (1) exhausted all available state court remedies; and (2) first presented any federal claim in the state court.

**II. ANALYSIS**

A. Procedural Default and Non-Cognizable Claims

Under AEDPA, a petitioner must exhaust all available remedies in state court before applying for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1). This gives state courts a fair opportunity to consider and correct constitutional violations before they are presented to a federal court. *See United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir. 1984). Fair presentment requires a petitioner to "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Petitioner's claims for prosecutorial misconduct, ineffective assistance of appellate counsel, and sufficiency of the evidence were not fairly presented at every level of the state court system.

Petitioner's claim for prosecutorial misconduct arises from the contention that the prosecutor lied to and threatened Cooper, thus preventing him from testifying (Claim II). Petitioner concedes that he never raised the issue on direct appeal,[2] but asserts that it was fairly presented in post-conviction proceedings. During these proceedings, Petitioner did not raise the claim in his pleadings before the Cook County Circuit Court, but rather introduced the issue in a *pro se* supplemental brief before the Illinois Appellate Court and in his PLA to the Illinois Supreme Court.

The appellate court, citing *People v. Williams*, denied Petitioner's motion to file his supplemental brief. *See Williams*, 454 N.E.2d 220 (Ill. 1983) (criminal defendant has no right to self-representation and the assistance of counsel). Because the court did not review or consider the merits of Petitioner's arguments, his claims were not fairly presented at that stage. *Cf. Reid v. Senkowski,* 961 F.2d 374, 376 (2d Cir. 1992) (proper submission of a *pro se* supplemental brief to the court constitutes fair presentation of its claims); *Holloway v. Horn*, 355 F.3d 707, 716-17 (3d Cir. 2004) (where state court assented to the consideration of *pro se* supplemental claims, the claims were fairly presented). As such, Petitioner's prosecutorial misconduct claim first came to the attention of Illinois courts in Petitioner's PLA to the supreme court. However, a claim is not fairly presented for federal habeas purposes if raised for the first time in a petition for discretionary review. *Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

---

[2] At least, Petitioner concedes this in his habeas petition. In his reply brief, he conflates his prosecutorial intimidation claim with the improper closing argument claim litigated on direct appeal. These claims are not the same for the purposes of procedural default because a "petitioner fairly presents his federal claim to the state courts when he articulates both the operative facts and the controlling legal principles on which his claim is based." *Perruquet v. Briley*, 390 F.3d 505, 519 (7th Cir. 2004). Petitioner's claims for improper remarks and prosecutorial intimidation differ on both grounds. *Compare Rodriguez v. Peters*, 63 F.3d 546, 558 (7th Cir. 1995), *with U.S. v. Hooks*, 848 F.2d 785, 801-02 (7th Cir. 1988).

Petitioner urges the court to follow the Eighth Circuit's lead in *Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1997). In *Clemmons*, the Eighth Circuit accepted as fairly presented claims raised in an unaccepted *pro se* supplemental brief to the state supreme court, given the case's "unique circumstances." *Id.* at 948. Alternatively, Petitioner argues that his supplemental brief should have been admitted under the "invited response" doctrine, because arguments made by the state compelled Petitioner to elaborate on Cooper's intimidation.

Petitioner's attempts to belatedly admit his supplemental brief are off-point. Even if the Court were to consider Petitioner's *pro se* brief, he still neglected to raise the issue of prosecutorial misconduct before his post-conviction trial court or on direct appeal. Petitioner has therefore defaulted his prosecutorial intimidation claim for failing to assert the issue for a full round of state court review.

Petitioner also failed to present his ineffective assistance of appellate counsel claim at every level of the state court system (Claim III). He raised the issue before the Circuit Court of Cook County and in his PLA to the Illinois Supreme Court, but not before the Illinois Appellate Court.[3] Even then, his claims differed. Before the trial court, Petitioner posited that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective. In his PLA, Petitioner argued that appellate counsel was ineffective for failing to argue that the prosecutor had lied to and threatened Cooper. These claims are not identical for habeas purposes because they arise out of different operative facts. *See Perruquet*, 390 F.3d at 519. Petitioner's

---

[3] Petitioner argues that he elaborated on the ineffectiveness of his appellate counsel on direct appeal, when briefing his appellate counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). An *Anders* motion requires that the court consider the merits of Petitioner's claims on appeal, not the effectiveness of his appellate counsel. *Id.* at 744. As such, Petitioner's *Anders* briefs do not constitute fair presentment of his ineffective assistance claim before a state appellate court. Indeed, the appellate court noted in its opinion that many of Petitioner's ineffective assistance of counsel claims "are based on matters outside the record and would be more appropriately raised by way of a post-conviction petition." *People v. Williams*, No. 1-93-0958, Order at *2 (Ill. App. Mar. 17, 1995).

ineffective assistance of appellate counsel claim is thus procedurally defaulted. *See Lewis*, 390 F.3d at 1025-26.

Petitioner further asserts that the testimony of Clifton Williams is not hearsay, but rather proof of his actual innocence (Claim IV). In doing so, Petitioner apparently presents his innocence as an independent ground for relief. However, a claim of actual innocence is not, by itself, a constitutional claim. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). Rather, it is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). As a freestanding, substantive ground for relief, Petitioner's actual innocence claim is non-cognizable under 28 U.S.C. § 2254.

On a related point, Petitioner claims that the post-conviction appellate court erred by finding that his actual innocence claim was brought as a petition for relief from judgment under 735 ILCS 5/2-1401, as opposed to a petition under the Post-Conviction Hearing Act, 725 ILCS 5/122 (Claim V). A post-conviction petition asks the court to determine whether the defendant's constitutional rights were violated at trial. *See People v. Pinkonsly*, 207 Ill.2d 555, 556 (2003). In contrast, a § 2-1401 petition requires the court to decide whether facts exist that were unknown at the time of trial that would have prevented the entry of judgment. *Id.* at 566. Consistent with Illinois law, the appellate court held that Petitioner's claim fell under § 2-1401 insofar as it argued that that newly discovered evidence, in the form of Clifton Williams' testimony, supported Petitioner's actual innocence. The appellate court declined to consider Petitioner's claim because it was filed after the two-year period of limitations for § 2-1401 petitions.

It is not entirely clear what federal or Constitutional right has been implicated by this decision. To the extent that Petitioner complains of a misapplication of Illinois law by the appellate court, such a claim is not properly before the Court. *See* 28 U.S.C. § 2254(a); *Pasiewicz v. Lake County Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir. 2001) ("A violation of a state statute is not a *per se* violation of the federal Constitution. The federal government is not the enforcer of state law."). If the injury at issue is the state appellate court's refusal to review Petitioner's actual innocence claim, this claim falters because the latter is non-cognizable. Even assuming that an underlying constitutional harm exists, a state court's finding of procedural default will bar federal habeas review unless "infrequently, unexpectedly, or freakishly" applied. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). No such conduct is alleged here. Given the lack of any conceivable constitutional injury underlying Claim V, it fails.

Finally, Petitioner argues that, in light of the new testimony presented at the post-conviction evidentiary hearing, he cannot be found guilty beyond a reasonable doubt (Claim VI). Petitioner brought a similar sufficiency of the evidence claim on direct appeal. He based that claim on the assertion that the victim's testimony was incredible, leaving ample room for reasonable doubt. The state appellate court found that the record held sufficient evidence to support Petitioner's convictions. Petitioner's present claim encompasses evidence introduced at his post-conviction hearing, in addition to the original trial record. The two claims thus rely on different operative facts and are distinguishable in the habeas context. *See Perruquet*, 390 F.3d at 519.[4]

Because Petitioner failed to raise his more recent claim in any Illinois court – either on appeal or before the Illinois Supreme Court – it is procedurally defaulted. Petitioner insists that

---

[4] If Petitioner seeks to reassert the sufficiency of the evidence claim he originally raised on direct appeal, that avenue is foreclosed because the one-year period of limitation for filing a habeas petition on that claim expired more than a decade ago. See 28 U.S.C. § 2244(d)(a)(A).
10

he presented the claim in his *pro se* supplemental brief, but the Court reiterates that the issue is a red herring. Should the court consider Petitioner's supplemental brief as a fair presentment of his claims, he still cannot cure his failure to raise the issue in his PLA. Petitioner argues that, in his PLA, the claim is encompassed by the phrase "whether denial of petition for rehearing was proper." This catch-all phrase concluded the heading asking whether the appellate court's decision was manifestly erroneous "where Jason Williams received ineffective assistance of counsel." The following paragraphs discuss the appellate court's dismissal of Petitioner's §2-1401 claim as well as trial counsel's failure to call Howell and Guyton. At no point in his PLA does Petitioner mention the sufficiency of the evidence or the reasonable doubt standard. Petitioner's catch-all phrase can logically be read to refer to the issues he discusses in his PLA, not Claim VI. The claim is defaulted because it was not fairly presented to Illinois courts.

B. Cause and Prejudice or a Miscarriage of Justice

Habeas relief on Claims II, III, and VI is foreclosed to Petitioner unless he "can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Johnson v. Hulett*, 574 F.3d 428, 430 (7th Cir. 2009); *see also Coleman*, 501 U.S. at 750. These exceptions are not available for Claims IV and V because they are non-cognizable under 28 U.S.C. § 2254.

Petitioner is unable to show cause for the procedural default of any claim. With respect to Claim II, Petitioner's efforts to place the blame on his appellate counsel do not suffice. A claim of ineffective assistance of counsel must itself have been fairly presented to the state courts before it can constitute cause for the procedural default of another claim. *Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000). While Petitioner has raised the issue of ineffective assistance of appellate counsel in Claim III, he has not exhausted that particular claim in state court. As a

11

result, the Court cannot consider the ineffective assistance of appellate counsel a cause excusing the default of Claim II. *See Edwards*, 529 U.S. at 451.

Petitioner's other grounds for cause and prejudice for his defaulted claims are similarly unavailing. Petitioner focuses much of his attention on circumstances impeding the admission of his *pro se* supplemental brief, the denial of which was not dispositive for any of his procedural defaults. Petitioner also alleges that Menard Correctional Center tampers with his mail, such that some letters to his counsel did not reach their intended destination. Petitioner makes no showing as to how mailing problems were responsible for his procedural defaults. *See, e.g.*, *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003) (state prison's refusal to timely mail prisoner's petition, when he submitted it five days before the deadline, constituted cause excusing procedural default).

Nor can Petitioner demonstrate that a miscarriage of justice would result from the default of Claims II, III, and VI. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To show actual innocence, Petitioner must come forward with new, reliable evidence that was not presented at trial. *See Balsewicz v. Kingston*, 425 F.3d 1029, 1033 (7th Cir. 2005). He must then establish that no reasonable juror would have convicted him in light of this new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327).

Petitioner introduces no new evidence that the state courts have not already considered and rejected. To review, the post-conviction trial court gave no weight to the newly discovered evidence offered by Clifton Williams, Petitioner's prison-mate. The trial court reasoned that the conversation Clifton overheard, wherein Heath instructed the victim to have sex with Petitioner, was hearsay and unlikely to be confirmed by Heath. Additionally, Clifton's credibility suffered

from his prior felony conviction and the fact that he failed to mention the conversation until his third affidavit (technically, his fourth declaration). Guyton, another felon who testified at the post-conviction hearing about witnessing the victim with Heath or Petitioner, had difficulty identifying the victim from photographs. Howell only testified about interactions with Heath, and stated that Petitioner had told her about a girlfriend with the victim's name. None of the above witnesses had any knowledge of the rape itself; they could only speak to relationships between the victim and Heath or Petitioner. Had the above testimony qualified as new evidence for the purposes of deciding a fundamental-miscarriage-of-justice claim, it would nevertheless fail to satisfy the stringent standard for establishing Petitioner's innocence, given that it only corroborates collateral issues. *See Gomez v. Jaimet*, 350 F.3d 673, 679-81 (7th Cir. 2003).

    C.  Ineffective Assistance of Trial Counsel

Petitioner's Claim I, asserting ineffective assistance of counsel, is properly before this court because it received a full round of state review. Claim I asserts that Williams' trial counsel was ineffective for failing to:

    a. interview or present Meartice Guyton as a witness

    b. advise Thelma Howell that she could not be in the courtroom

    c. interview or present Anthony Cooper as a witness, and

    d. interview or present James Heath as a witness.[5]

---

[5] Respondent did not present claims I(c) and I(d) to the appellate court when appealing the denial of his post-conviction petition. On account of Respondent's inability to locate the briefs submitted to the Illinois Appellate Court in the 1990s, Respondent has conceded that Petitioner fairly presented these claims on direct appeal. *See Cawley v. DeTella*, 71 F.3d 691, 695 n. 7 (7th Cir. 1995) (citing *United States ex rel. Partee v. Lane*, 926 F.2d 694, 699 n. 3 (7th Cir. 1991), *cert. denied*, 502 U.S. 1116 (1992)) ("a petitioner who has been rejected once by the Illinois Supreme Court and who then invoked the Illinois post-conviction review process, making the same arguments" need not "once again take those claims all the way to the Illinois Supreme Court before the federal courts will hear his or her habeas petition."). The state appellate court presumably considered trial counsel's failure to secure the testimony of Howell and Heath when it stated that "[m]any of [Petitioner's] claims of ineffective assistance of counsel involve matters of trial strategy which will generally not support an allegation of incompetence." *People v. Williams*, No. 1-93-0958, Order at *2 (Ill. App. Mar. 17, 1995).

Habeas relief is warranted when the state court's adjudication of a claim "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1)(1996), or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," *id.* at § 2254(d)(2).

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, which requires a petitioner to establish both that his attorney's performance "fell below an objective standard of reasonableness" and that this deficient performance caused "prejudice" to the petitioner. 466 U.S. 668, 688, 690-93 (1984). The defendant must identify specific acts or omissions constituting ineffective assistance. *United States v. Moya-Gomez,* 860 F.2d 706, 763-64 (7th Cir. 1988). The court then decides if these fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The state appellate court's decision regarding Petitioner's ineffective assistance of counsel claim was reasonable in both its determination of the facts and its application of the *Strickland* standard. The appellate court rejected claims I(a) and I(b) based on Petitioner's failure to show prejudice. This holding was reasonable because Petitioner cannot establish that, but for trial counsel's failure to present Guyton and Howell as witnesses,[6] the result of the proceedings would have been different. At the post-conviction hearing, these parties were generally unhelpful to Petitioner's case. Guyton had difficulty identifying the victim and has a criminal record that impacts his credibility. Moreover, because neither Howell nor Guyton

---

[6] For purposes of prejudice to petitioner's case, the court's removal of Howell from the courtroom, as a result of counsel's alleged failure to advise Howell properly, was the equivalent of refusing to allow her to testify.
14

testified about the rape itself, there is no reasonable probability that their testimony would have changed the outcome of the proceeding.

At trial, Petitioner and the victim provided the only accounts of the rape. The victim's supervisor corroborated her testimony, which remained consistent throughout. Petitioner's credibility, meanwhile, was damaged by the fact that he lied to the police about such fundamental facts as his name and residence, in addition to changing his version of the events multiple times. Petitioner declared that he had never known the victim, that he met her but they had never had sex, that he had initiated the sex, and that the sex was the victim's idea. Petitioner's final version contradicted the testimonies of the victim, her supervisor, and the police officers who pursued, arrested, and processed him. Given that the jury found the victim credible and believed her over Petitioner, it is not likely that Guyton and Howell's tenuous testimony about various personal relationships, in support of Petitioner's most recent theory, would have convinced the jury otherwise.

On the issue of the trial counsel's performance, the Illinois Appellate Court noted that Petitioner had not provided facts sufficient to overcome the presumption that the decision not to call Guyton was a product of sound, strategic reasoning. *See Strickland,* 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) ("A lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review.") This conclusion was reasonable in light of Guyton's limited knowledge. Furthermore, the appellate court found that Petitioner had failed to show any facts as to how his counsel was deficient in advising Howell not to violate the court's order against excluding witnesses. This was not unreasonable given the paucity of relevant

information on record relating to Howell's interactions with trial counsel, either in Petitioner's briefs and petition, or Howell's affidavit and testimony. At any rate, the Court must assume that the state appellate court's factual determinations are correct, and therefore reasonable, seeing as Petitioner has failed to rebut them with clear and convincing evidence. *See Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004).

Additionally, the state appellate court's rejection of Petitioner's claims I(c) and I(d) was reasonable because Petitioner's trial counsel's failure to present Cooper and Heath as witnesses falls within "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Cooper was examined as a witness via an out-of-court offer of proof, wherein he denied knowing anything about the victim or James Heath. Given Cooper's professed ignorance, it was reasonable for counsel not to present him as a witness. The failure to present Heath as a witness was also reasonable. Counsel had difficulty locating Heath and attempted to subpoena him, to no avail. In any event, given that Petitioner accused Heath of trying to frame him for rape, counsel could reasonably have assumed that Heath would contribute little to Petitioner's defense.

Because the state court was reasonable in its determination of the facts and its application of the law, Petitioner's ineffective assistance of counsel claim does not merit habeas relief.

## CONCLUSION

For the foregoing reasons, Williams's Petition for a Writ of Habeas Corpus is DENIED.

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **March 25, 2010**